Filed 12/19/24  P. v. Cooks CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>HERMAN JOSEPH COOKS,<br><br>Defendant and Appellant. | F088133<br><br>(Super. Ct. No. F23905971)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Ryan I. Wells, Judge.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Franson, Acting P. J., Peña, J. and Meehan, J.

Appellant and defendant Herman Joseph Cooks appeals from a final judgment following a no contest plea that disposed of all issues between the parties. (Pen. Code, § 1237, subd. (a).)[1]

Counsel for appellant filed an opening brief summarizing the pertinent facts and raising no issues, but asking this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes a declaration from counsel stating appellant was advised of his right to file a brief of his own with this court. By letter dated October 9, 2024, we also invited appellant to submit additional briefing within 30 days. Appellant did not file a response.

Pursuant to *Wende, supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, 110, we have reviewed the entire record and find no arguable error that would result in a disposition more favorable to appellant. Therefore, we affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

The probation report reflects that on August 10, 2023, appellant, then 19 years old, confronted his ex-girlfriend at her grandmother's house. He accused her of talking to other men, took her cell phone, punched her in the stomach, and threatened to "'beat [her] ass.'" The victim sustained a large scratch on one arm, and surveillance camera footage reflected appellant also grabbed her by the hair and pulled her toward the road. Additionally, appellant punched the victim's car, causing $100 in damage. The victim requested and was issued an emergency protective order by responding officers.

Several hours later, police responded to another domestic disturbance at a different location. The victim reported appellant texted her friend, M.M., and threatened to stab M.M. and M.M.'s brother. Appellant then showed up and entered the victim's car. She advised him of the protective order, but he refused to exit the car, argued with the victim,

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

and hit her in the head and face multiple times, injuring her. M.M. also stated that appellant threatened to stab her and her brother by text message.

Appellant was subsequently arrested and charged by criminal complaint with one felony count of making criminal threats against M.M. (count 1; § 422); two felony counts of infliction of corporal injury resulting in a traumatic condition against Jane Doe (counts 2, 4; § 273.5, subd. (a)); two misdemeanor counts of contempt of court (counts 3, 5; § 166, subd. (c)(1)); and one misdemeanor count of vandalism (count 6; § 594, subd. (b)((2)(A)). The complaint also alleged that appellant was out on bail when he committed counts 1, 2, and 4. (§ 12022.1.)

On October 3, 2023, pursuant to a negotiated agreement, appellant entered a *West*[2] plea of no contest to count 1, which was reduced to a misdemeanor count of making criminal threats, and count 2, infliction of corporal injury resulting in a traumatic condition, with a two-year lid. The remaining counts were dismissed. The record reflects appellant entered the plea knowingly, willingly, and voluntarily, but against the advice of counsel. Counsel stated appellant was entering the plea against her advice because appellant had a separate criminal matter pending which, pursuant to the People's offer in that case, might result in resolution of the present case for a misdemeanor and appellant's time credits would be affected if he was sentenced to prison in this case.

Appellant was sentenced on October 31, 2023. The People sought a two-year prison term, and the probation officer recommended imposition of judgment be suspended and appellant be placed on formal probation for three years given appellant was 19 years old, had no prior criminal history and admitted guilt early in the proceedings. (§§ 1203.097, subd. (a)(1) [providing for minimum probation period of 36 months where "victim is a person defined in Section 6211 of the Family Code"]; 1203.1, subd. (*l*)(1).) In accordance with the probation officer's recommendation, the

---

**2**      *People v. West* (1970) 3 Cal.3d 595.

trial court suspended imposition of judgment and placed appellant on formal probation for three years. Among the terms and conditions imposed, appellant was ordered to enroll in and complete alcohol or drug treatment and complete a 52-week batterer's intervention program. The court also issued a protective order and imposed a restitution fine of $600 (§ 1202.4, subd. (b)(1)); a probation revocation restitution fine of $600, stayed (§ 1202.44); a $500 domestic violence fee (§ 1203.097, subd. (a)(5)(A); a total court operations assessment of $80 (§ 1465.8, subd. (a)(1)); and a total court facilities assessment of $60 (Gov. Code, § 70373, subd. (a)).

On December 22, 2023, appellant appeared before the court for allegedly violating the terms of probation. He admitted failing to enroll in the batterer's intervention program and failing to report to and notify probation of an address change. The court formally revoked and then reinstated probation on the same terms and conditions.

On February 27, 2024, the court held a review hearing and found appellant in compliance with the terms of his probation.

On April 5, 2024, appellant was arrested on a probation violation. On April 10, 2024, appellant denied the allegations and the court revoked probation, remanded appellant without bail, and set the matter for a contested hearing.

On May 20, 2024, appellant admitted violating a protective order on two occasions. He also admitted he failed to enroll in "West Care" and failed to report to the probation office. The court revoked probation and sentenced appellant to the mitigated term of two years in prison for infliction of corporal injury, with credit for time served for the misdemeanor offense of making criminal threats. The court ordered appellant to pay the $600 probation revocation restitution fine (§ 1202.44); imposed a parole revocation restitution fine of $600, stayed (§ 1202.45, subd. (a)); and ordered appellant to pay the remaining fees and fines imposed on October 31, 2023.[3]

---

[3] The abstract of judgment reflects a $40 fee rather than the $80 fee previously imposed under section 1465.8, subdivision (a)(1), and a $30 fee rather than the $60 fee previously

4.

Appellant filed a timely notice of appeal.  His request for a certificate of probable cause was denied.

## DISCUSSION

Penal Code section 1237.5 states that no appeal may be taken from a plea of guilty or no contest without first filing a written statement "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" and the trial court has executed and filed a certificate of probable cause for such appeal.  (§ 1237.5, subds. (a), (b); see Cal. Rules of Court, rule 8.304(b)(1)(A).)  Here, the trial court denied appellant's request for a certificate of probable cause.  A trial court's denial of an application for a certificate of probable cause must be reviewed by a petition for writ of mandate.  (*People v. Johnson* (2009) 47 Cal.4th 668, 676.)  Appellant has not petitioned for nor obtained such writ relief, and thus any issues concerning the validity of his plea are not cognizable.

With no certificate of probable cause, our review is limited "to issues that do not require a certificate of probable cause."  (Cal. Rules of Court, rule 8.304(b)(3); see *id.*, (b)(2) [listing the issues that do not require certificate of probable cause].)  Appellant did not file a response to our letter inviting him to submit additional briefing and having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to appellant.

## DISPOSITION

The judgment is affirmed.  The trial court is directed to issue an amended abstract of judgment reflecting imposition of an $80 fee under section 1465.8, subdivision (a)(1),

---

imposed under Government Code section 70373, subdivision (a).  We will order the abstract of judgment be corrected in our disposition.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [clerical errors in abstract of judgment may be ordered corrected at any time]; *People v. Burke* (2023) 89 Cal.App.5th 237, 244 [ordering correction of clerical errors in abstract of judgment following *Wende* review].)

and a $60 fee under Government Code section 70373, subdivision (a), and to forward the amended abstract of judgment to all appropriate parties.